**STATE OF WEST VIRGINIA**

**FILED**

**February 15, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **A.L.**

**No. 18-0938** (Randolph County 2017-JA-098)

# MEMORANDUM DECISION

Petitioner Father T.L., by counsel G. Phillip Davis, appeals the Circuit Court of Randolph County's September 20, 2018, order terminating his parental rights to A.L.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Timothy H. Prentice, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2017, the DHHR filed a child abuse and neglect petition against petitioner and the mother. According to the petition, the DHHR received referrals alleging domestic violence between the parents, in the presence of the child. One referral also indicated that petitioner previously abused substances and distributed methamphetamine. Upon investigating the matter, the DHHR learned that petitioner and the mother had a history of domestic violence claims dating back several months, including at least nine instances of law enforcement intervention. However, both petitioner and the mother denied engaging in domestic violence. Additionally, the DHHR alleged that the child had a scalp hematoma, which the parents were unable to explain. Petitioner waived his preliminary hearing.

The circuit court held an adjudicatory hearing in January of 2018, wherein petitioner stipulated to the allegations contained in the petition. The circuit court accepted petitioner's stipulation, adjudicated him as an abusing parent, and granted him a post-adjudicatory improvement period.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

At a status review hearing held in May of 2018, the circuit court found that petitioner was minimally participating in his improvement period. By July of 2018, petitioner had ceased participating in his improvement period. In a final review hearing held in August of 2018, the DHHR reported that petitioner was homeless and unemployed and had not consistently participated in his improvement period. Indeed, petitioner admitted that he failed to fully participate in the terms and conditions of his improvement period. The circuit court scheduled the dispositional hearing.

Later in August, the circuit court held a dispositional hearing. The DHHR presented the testimony of a DHHR worker, a service provider, and the director of a community corrections program, all of whom opined that petitioner failed to comply with the terms and conditions of his improvement period. Testimony established that petitioner tested positive for methamphetamine on one occasion, failed to submit to numerous drug screens, and failed to participate in a batterer's intervention program to address his issues with domestic violence. Further, petitioner failed to participate in individual counseling, only attended four or five adult life skills classes, and visited the child a mere two times after May of 2018. After hearing evidence, the circuit court found that petitioner failed to comply with his improvement period and was presently unwilling or unable to provide adequately for the child's needs. The circuit court further found that there was no reasonable likelihood that petitioner could correct the conditions of abuse or neglect in the near future and that the child needed permanency. As such, the circuit court terminated petitioner's parental rights. It is from the September 20, 2018, dispositional order that petitioner appeals.[2]

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

---

[2]The parents' parental rights were terminated below. The child was placed in the home of a foster family and the permanency plan is adoption therein.

On appeal, petitioner argues that the circuit court erred in terminating his parental rights when less-restrictive alternatives were available. We disagree.

West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. According to West Virginia Code § 49-4-604(c)(3), a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which

> [t]he abusing parent or parents have not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child[.]

Here, the evidence overwhelmingly demonstrates that there was no reasonable likelihood petitioner could correct the conditions of abuse and neglect in the near future. Petitioner failed to comply with nearly every aspect of his post-adjudicatory improvement period. Petitioner tested positive for methamphetamine on one occasion and failed to submit to numerous drug screens throughout the course of the proceedings. Further, despite knowing that the petition was filed due to domestic violence in the home, petitioner failed to attend a single session of the batterer's prevention program. Petitioner also failed to participate in individual therapy and was inconsistent in attending parenting and adult life skills classes. In fact, testimony established that petitioner only attended four or five adult life skills classes. Petitioner was inconsistent in visiting the child and only visited her twice after May of 2018. Importantly, we have noted "that the level of interest demonstrated by a parent in visiting his or her children while they are out of the parent's custody is a significant factor in determining the parent's potential to improve sufficiently and achieve minimum standards to parent the child." *In re Katie S.*, 198 W.Va. 79, 90 n.14, 479 S.E.2d 589, 600 n.14 (1996)(citing *Tiffany Marie S.*, 196 W.Va. at 228 and 237, 470 S.E.2d at 182 and 191; *State ex rel. Amy M. v. Kaufman*, 196 W.Va. 251, 259, 470 S.E.2d 205, 213 (1996)). As such, the record is clear that petitioner failed to respond to the family case plan.

While petitioner argues that less-restrictive alternatives were available, we have previously held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W.Va. Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W.Va. Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Based on the foregoing, we find that the circuit court did not err in terminating petitioner's parental rights.

For these reasons, we find no error in the decision of the circuit court, and its September 20, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**:  February 15, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison